# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSUE ESTANISAO GUILLEN,** | : | |
| Petitioner, | : | **CIVIL NO. 1:CV-04-2549** |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| **BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT'S INTERIM FIELD OFFICE DIRECTOR FOR DETENTION AND REMOVAL FOR THE PHILADELPHIA DISTRICT,** | : | |
| Respondent. | : | |

## O R D E R

Petitioner, Josue Estanisao Guillen (A76 145 761), a native and citizen of Honduras, commenced this action with a pro se petition for review in the United States Court of Appeals for the Third Circuit. Upon review, the United States Court of Appeals for the Third Circuit concluded that it lacked jurisdiction to review the petition, and by Order dated November 16, 2004 (Doc. No. 1, Attachment 3), the case was transferred to this Court as a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. In the transfer Order, the Third Circuit granted a stay of removal pending further order of this Court.

Presently pending is Petitioner's "declaration" (Doc. No. 16), in which Petitioner requests the Court to vacate the stay of removal and dismiss this case.   Respondent has concurred in the declaration. (See Doc. No. 17.) The Federal Rules of Civil Procedure apply to habeas proceedings to the extent that they are not inconsistent with the habeas rules. Rule 11 ("Applicability of the Federal Rules of Civil Procedure") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.

foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Thus, Petitioner's declaration will be construed as a request for voluntary dismissal pursuant to Federal Rule of Civil Procedure Rule 41. Federal Rule 41 states in relevant part:

> (a) **Voluntary Dismissal: Effect thereof.**
>
> **(1) By [Petitioner]; by Stipulation.**  Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the [petitioner] without order of court (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action . . . .

Because Respondent concurs in the declaration, Petitioner is entitled to voluntary dismissal by stipulation under Rule 41(a)(1).

Accordingly, this 26th day of July 2005, **IT IS HEREBY ORDERED THAT** Plaintiff's declaration (Doc. No. 16) is construed as a motion for voluntary dismissal by stipulation under Federal Rule of Civil Procedure 41(a)(1), and the motion is **GRANTED**.  Accordingly, the stay on Petitioner's removal is dissolved.[1]  The Bureau of Immigration and Customs Enforcement shall proceed to facilitate the return of Petitioner to Honduras.  The Clerk of Court is directed to close this case.

    S/ Yvette Kane
    Yvette Kane

---

[1] The Court is cognizant that the stay of removal in this case was issued by the United States Court of Appeals for the Third Circuit.  However, Petitioner's removal was stayed "pending further order of the District Court."  Accordingly, because the parties have stipulated to the dismissal of this action, the Court finds that the stay issued by the Circuit must necessarily be dissolved in order for the Order of dismissal to be effective and permit Petitioner to return to Honduras, as agreed to by Petitioner and BICE.

United States District Judge